UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

R. GLENN CATER, ET AL.                                    CIVIL ACTION

VERSUS                                                    NO:      07-4619

FIDELITY NATIONAL INSURANCE                               SECTION: "N" (4)
COMPANY, ET AL.

## ORDER

Before the Court is an unopposed **Motion to Fix Attorneys Fees and Costs** (**R. Doc. 13**) filed by Defendant, Lexington Insurance Company ("Lexington") in compliance with the Court's **Order (R. Doc. 12)**, which granted as unopposed Lexington's Motion To Compel Initial Disclosures and For Sanctions (R. Doc. 11). The motion was heard without oral argument on Wednesday, August 6, 2008.

**I.     Factual Summary**

Plaintiffs, R. Glenn Cater and Nancy Cater, were obligated to provide initial disclosures in compliance with Federal Rule of Civil Procedure ("Rule") 26 and failed to do so. As a result, Lexington filed a Motion to Compel Initial Disclosures (R. Doc. 11), which was granted by the undersigned on July 18, 2008. The Court ordered the award of attorneys fees and costs in connection with the Caters' failure to comply. Lexington now seeks an award of $974.50 in attorneys fees and costs.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Analysis

### A. Calculating a Reasonable Hourly Rate

The fee application submitted by Lexington seeks to recover fees for services rendered by a summer law clerk who was assigned the task of preparing the Motion to Compel Initial

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Disclosures. (R. Doc. 13-2, p. 2). According to Lexington, the summer law clerk's hourly billable rate is $85.00. (R. Doc. 13-2, p. 2).

The Supreme Court has held in *Missouri v. Jenkins,* 491 U.S. 274, 287 (1989), "the appropriate compensation for paralegals, law clerks, and summer associates should be determined by the marketplace." Delegation of duties to a summer law clerk may represent an efficient utilization of time and fees for work performed can be awarded, provided that such time was reasonably expended. *Beamon v. City of Ridgeland, Mississippi*, 666 F.Supp. 937, 946 (S.D. Miss. 1987) (awarding $553.00 in fees for 15.8 hours of work performed in 1985 by summer associate at a rate of $35.00 per hour). The Court, however, is unaware of any recent cases in this Circuit which have addressed the issue regarding the reasonableness of current rates charged by a summer law clerk.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail

3

contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

There is case law on the reasonableness of rates charged by paralegals in this district. The court notes that a rate between $55.00 and $65.00 per hour has been deemed reasonable for a paralegal who typically has less experience than a summer law clerk. *Yousuf v. UHS of De la Ronde, Inc.,* 110 F. Supp. 2d 482, 491 (E.D. La. 1999)($55.00 per hour granted for services of paralegal); *Chevron v. U.S.A., Inc. v. Aker Maritime Inc*., No. 03-2027, 2008 WL 594650, at *9 (E.D. La. Jan. 2, 2008) (award of $65.62 per hour for paralegal services permitted).

The Court notes that, rather than an affidavit, Morgan's resume was submitted. (*See* R. Doc. 13-5, Ex. A-2, Resume of Matthew Francisco Morgan). The resume indicates that Morgan has completed his second year of law school at South Texas School of Law in Houston, Texas, where he is in the top 20 percent of his class. (*See* R. Doc. 13-5, Ex. A-2, Resume of Matthew Francisco Morgan). Considering the rate awarded to paralegals who have less educational background than a summer law clerk, the Court finds that a rate of $85.00 per hour for the work of Matthew Morgan,

a summer law clerk with the law firm of Gieger, Laborde & Laperouse, LLC, is reasonable. The Court further notes that the Caters do not contest the reasonableness of the rate.

Additionally, Daniel G. Rauh ("Rauh"), Morgan's supervising attorney, also seeks the award of fees in connection with the Motion to Compel Initial Disclosures. (R. Doc. 13-2, pp. 2-3). Rauh contends that his regular hourly rate is $180.00 per hour. (R. Doc. 13-2, p. 3). In support of his fee application, Rauh submitted an affidavit indicating that he has been licensed to practice law in Louisiana since April of 2001. (R. Doc. 13-3, Ex. A, ¶ 2). He is a graduate of Tulane Law School and the University of Colorado. (R. Doc. 13-3, Ex. A, ¶ 3). He further attests that his practice is primarily in litigation and that $180.00 is his regular hourly rate in such matters. (R. Doc. 13-3, Ex. A, ¶¶ 4, 7).

After reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that an adjusted rate of $170.00 is appropriate and reasonable for Rauh's work on the motion. *See Creecy v. Metro. Prop. & Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

### B.     Determining the Reasonable Hours Expended

Lexington certifies that its attorneys spent a total of 8.3 hours: (1) in their efforts to secure compliance with the Caters' duty to provide initial disclosures; and (2) in submitting the subject motion to fix attorneys' fees and costs. (*See* R. Doc. 13-4, Ex. A-1). It further claims that the total

5

amount of hours spent yields a fee award of $971.50. Lexington contends that the hours and time submitted are reasonable within the meaning of the lodestar and should therefore be awarded by the Court. (R. Doc. 13-2, p. 3).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770. Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court notes that the Lexington team has not exercised billing judgment as required by the lodestar. Therefore, the Court will proceed with its line-by-line analysis of the billing statement to determine the reasonableness of the fees requests.

Upon reviewing the billing entries submitted by Lexington, the Court notes that the motion and incorporated memorandum in support of the motion for compel were a total of nine pages. (R. Doc. 11). The Court further notes that there was no overlapping in billing time, save for one entry

6

by Rauh when he reviewed Morgan's work. However, the time charged was not significant enough to warrant a reduction.

Lexington seeks recovery for 5.5 hours of work performed by Morgan and for 2.8 hours of work performed by Rauh, for a resulting total of 8.3 hours. For the work performed by Morgan, the reasonable fees owed by the Caters is $467.50.[2] For the work performed by Rauh, the reasonable fees owed by the Caters is $476.00.[3] Accordingly, the Caters owe a total of $943.50 in fees to Lexington.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion to Fix Attorney's Fees and Costs (R. Doc. 13)** is **GRANTED**. The Court finds that a total fee of **$943.50** is reasonable in the matter here.

---

[2] The fees were determined by multiplying $85.00 by 5.5 hours, which yields a total of $467.50.

[3] The fees were determined by multiplying the adjusted hourly rate of $170.00 by 2.8 hours, which yields a total of $476.00

**IT IS FURTHER ORDERED** that the Cater's shall satisfy their obligation to Lexington no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this <u>6th</u> day of January 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**